By the Court.—Sedgwick, J.
I proceed to examine the exceptions argued by the learned counsel for appellant:
He urges that the judge erred when he charged that “if the defendant did or said anythingfrom which Mr. Fiske had a right to suppose that the sale was being made to Mm, and not upon Chamberlain’s responsibility he would be himself liable,” and the argument is tiiat if the defendant had gone so far, it would, not make him liable, unless, also, the plaintiff Fiske meant to sell to Allen. Of course the learned judge would not intentionally say anything which implied there could be a sale to the defendant, apart from the plaintiff’s participation in the contract for the sale. At the least, it is taken for granted through the charge, that there can not be a buyer unless there is also a *79 seller. And the language of this part of the charge implies this, for Mr. Fiske- the plaintiff could under no circumstances have a right to suppose, from what the defendant said, that the sale was being made to-the defendant, when he knew that he had not done or said what was necessary to make him a party to the sale. The exception on this point should not be sustained.
An exception was taken to the plaintiff being; asked, 61 How the business of his store was done, from which it will appear3 how it came to be charged to-Chamberlain instead of Allen.” The answer to this question in connection with the question, informed the-jury that the entries in the various books after entry of the order was made in the order-book were taken from the order-book. This did not injure the defendant. His argument was as strong upon the fact of the order itself, and the jury should have known that the other entries were not original.
The defendant excepted to the admission by the court, of a question put to Chamberlain, viz. s 66Has the defendant ever paid you for the cresting?” I do not think this should canse a reversal of the judgment. The defendant had chosen on cross-examination of Chamberlain, to ask if he was not bound under the contract with the defendant to pat in this cresting or a cresting. The answer was yes. The existence of this-contract, and the obligation of the- parties under it, had in the course the case had taken become circumstances which the jury were at liberty to consider in ascertaining whether as a fact the defendant had bought of the plaintiff, although it was conceded by both parties that the existence of the contract was not inconsistent with the defendant’s making a purchase from the plaintiff. When the defendant had thus shown that apparently, so far as the evidence then disclosed, he was bound to pay Mr. Chamberlain, it was *80 another circumstance of importance, greater or less, that the defendant had not paid his liability.
Finally, I think the learned counsel is in error in his arguments based upon the proposition that the ■entries in the books of the plaintiff, showing that the sale was in fact made to Chamberlain, were conclusive evidence that the sale was in fact so made. First. The transaction occurred several days before the entries were made, and the defendant’s obligation had, if at all, -come into existence before the entries. Second. The entry was made by Chamberlain himself, and there was no conclusive evidence that the plaintiff delivered the cresting upon that order, and not upon his dealings with the defendant personally.
The substance of the whole case was disposed of fully and fairly by the judge, who instructed the jury to ascertain the facts of the interview between the plaintiff and defendant, and gave them all the rules of law that should be applied to the facts.
Judgment affirmed, with costs.
Curtis, J., concurred.